IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30681
Summary Calendar
_____

TERRY FLEMING,

                                        Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-2065-H
--------------------
January 27, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:*

        Terry Fleming, Louisiana prisoner #114500, appeals from the
denial of his application for federal habeas corpus relief.
Fleming contends that his guilty plea was not knowing and
voluntary because he was not informed of the specific intent
element of second-degree murder and because his counsel failed to
advise him that he could not be convicted of both felony murder
and armed robbery.

_____

        * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

We have reviewed the record, the briefs of the parties, and the applicable law, and we find no reversible error. When, as in this case, the record shows that the defendant understood the charge and its consequences, the failure of the trial court to explain the elements of the offense does not render the plea involuntary. See DeVille v. Whitley, 21 F.3d 654, 657 (5th Cir. 1994). With respect to his assertion that counsel's ineffectiveness rendered his plea unknowing and involuntary, Fleming fails to demonstrate a reasonable probability that he would have insisted on going to trial but for counsel's errors. See Mangum v. Hargett, 67 F.3d 80, 84 (5th Cir. 1995). The state court's decision was not contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court. See 28 U.S.C. § 2254(d)(1).

AFFIRMED.